**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

DOCKETED
DEC 17 2003

| | |
|---|---|
| BERNARD STERN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| PATRICK G. RYAN, EDGAR D. JANNOTTA, | ) |
| LESTER B. KNIGHT, PERRY J. LEWIS, R. EDEN | ) |
| MARTIN, ANDREW J. MCKENNA, ROBERT S. | ) |
| MORRISON, RICHARD C. NOTEBAERT, | ) |
| MICHAEL D. O'HALLERAN, JOHN W. ROGERS, | ) |
| JR., PATRICK G. RYAN, JR., GEORGE A. | ) |
| SCHAEFER, RAYMOND I. SKILLING, and DR. | ) |
| CAROLYN Y. WOO, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| -and- | ) |
| | ) |
| AON CORPORATION, | ) |
| | ) |
| Nominal Defendant. | ) |

## VERIFIED STOCKHOLDER'S DERIVATIVE COMPLAINT

Plaintiff, by his attorneys, brings this Action derivatively on behalf of nominal defendant Aon, Corporation (" Aon" or "the Company") and alleges upon personal knowledge as to her own acts and as to all other matters upon information and belief, as follows:

### INTRODUCTION

1. This is a stockholder's derivative action brought by plaintiff who is now and at all relevant times has been a stockholder of Aon.

2. The individual defendants were or are the members of Aon's Board of Directors. They are highly compensated, and benefit from compensation plans which provide them with incentives to remain on the Board (and not antagonize management) and provide further incentives

1-1

to maintain a high price for Aon's stock.

3.      At all times relevant to this action, defendants portrayed Aon to the investment community as a company poised for growth in both revenues and earnings. Had defendants fulfilled their responsibilities as directors of the Company, they would have recognized the Company's financial and administrative controls were entirely inadequate, and they would have implemented changes required to ensure compliance with effective financial and administrative controls, including controls on sales of Aon stock by high-ranking officers of the Company, including sales by insiders.

4.      For more than three years, defendants failed to oversee adequately the Company's growth and internal controls. Indeed, during this period of time, the Company violated Generally Accepted Accounting Principles ("GAAP"). Defendants disclosed this fact on August 6, 2002. On such date, Aon shocked the market when it announced, among other things, that: (a) it had failed to meet analysts' expectations on its earnings for the second quarter by a wide margin; (b) because of the slumping financial markets, it had canceled a spinoff of its insurance underwriting businesses to shareholders; and (c) the SEC had began an investigation of its accounting and was questioning several items in the Company's accounts, including the reporting of investment write-downs, the timing of some costs and a reinsurance recoverable item and the decision not to consolidate certain special purpose vehicles. Aon also stated that, if the SEC says it is necessary, it will have to restate its earnings for the past three years, and reduce its net income by $27 million in 1999, by $24 million in 2000 and by $5 million in the first quarter of 2002.

5.      Following this report, shares of Aon fell $6.43 per share to close at $14.77 per share, a one-day decline of 30.3%, on volume of more than 20 million shares traded, or more than twenty times the average daily volume.

2

6.     The reaction to the Company's announcement had other repercussions as well. Later on that same day, August 7, 2002, Moody's Investors Service announced that it had downgraded the senior debt rating of Aon to Baa1 from A3 and that Aon's ratings remain on review for further possible downgrade.

7.     Ron Frank, an analyst at Salomon Smith Barney also reacted to the Company's announcement, and stated, in pertinent part, as follows: "(The results) leave us with little confidence that management can accurately forecast Aon's results. The outstanding SEC accounting issues, even if they prove benign, will likely hang over the stock."

8.     Subsequently, numerous class action lawsuits were filed against the Company alleging violations of the federal securities laws.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action pursuant to 28 U.S.C. Sec.1332, since the plaintiff in this action is a citizen of a different state than the defendants named in this action and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. In addition, this Court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1367, since the claims asserted herein arise from the same factual circumstance and are related to claims in the action *Taubenfeld v. Aon Corp., et al.*, No. 02 CV 5631 (the "Consolidated Securities Action") currently pending before this Court.

10.     Venue is properly laid in this District because the acts performed in furtherance of the transactions complained of in this action occurred in substantial part in this District, and the pending Consolidated Securities Action is also pending in this District.

3

## PARTIES

11.     Plaintiff is and, at the times of the wrongs complained of herein, was an owner of
Aon common stock.

12.     Nominal defendant Aon is a Delaware corporation with its principal place of
business located at 200 E. Randolph Street, Chicago, IL 60601. The Company is a holding
company whose operating subsidiaries carry on business in three distinct operating segments:
Insurance Brokerage and Other Services, Consulting, and Insurance Underwriting. Except where
otherwise specifically indicated, the term "defendants" does not refer to or include nominal
defendant Aon.

13.     At all times relevant hereto, defendant Patrick G. Ryan has been Chairman of the
Board of the Company since 1990 and Chief Executive Officer since 1982. He was elected
President and Chief Executive Officer of the Company at the time of the merger of the Company
and Ryan Group in 1982, and served as President of the Company until April 1999.

14.     At all times relevant hereto, defendant Michael D. O'Halleran has been President
and Chief Operating Officer of the Company since April 16, 1999. Since 1995 he has served as
President and Chief Operating Officer of Aon Group, Inc., the global insurance brokerage and
consulting arm of the Company. He has also served in other significant senior management
positions within the Aon group of companies since 1987.

15.     At all times relevant hereto, defendant Raymond I. Skilling has served as
Executive Vice President and Chief Counsel of the Company since 1980. Between 1976 and
1980 he served as Executive Vice President—Planning and Implementation.

16.     Defendants Patrick G. Ryan, Edgar D. Jannotta, Lester B. Knight, Perry J. Lewis,

4

R. Eden Martin, Andrew J. Mckenna, Robert S. Morrison, Richard C. Notebaert, John W. Rogers, Jr., George A. Schaefer, and Dr. Carolyn Y. Woo, are and, at all times relevant hereto, were directors of Aon.

## DUTIES AND OBLIGATIONS OF DIRECTORS

17.     Each individual defendant owes and owed fiduciary duties to the Company and its shareholders in connection with its operations, management and direction.

18.     To discharge these duties, defendants were required, among other things to:

(a)     Manage, conduct, supervise and direct the business affairs of Aon in accordance with applicable state and federal law and rules and regulations;

(b)     Neither violate nor permit any officer, director, agent or employee of Aon to violate applicable state laws, federal laws, rules, regulations;

(c)     Establish and maintain systematic and accurate books and records of the business and affairs of Aon and procedures for the reporting of the business and affairs to the Board of Directors, and periodically investigate, or cause independent investigation to be made of, said books and records;

(d)     Maintain and implement an adequate and functioning system of internal financial and accounting controls, such that Aon's financial statements and information would be accurate;

(e)     Exercise supervision over the public statements made and/or issued to the securities markets relating to Aon;

(f)     Remain informed as to the status of Aon's business, conditions, practices and operations, and upon receipt of notice or information of imprudent or unsound practices or

5

operations, make reasonable inquiry in connection therewith, and take steps to correct such practices or operations and make such disclosures as are necessary to comply with state and federal securities laws; and

(g)     Supervise the preparation and filing of any audits, reports or other information required by law of Aon, and examine and evaluate any reports of examinations, audits or other financial information concerning the financial affairs of Aon, and make full and accurate disclosure of all material facts concerning, *inter alia*, each of the subjects and duties set forth above.

19.     Defendants breached their fiduciary duties by, among other things:

(a)     permitting wrongful business practices to occur which had the effect of manipulating revenues and earnings;

(b)     supervising inadequately the employees and managers of Aon and failing to instruct them to act with honesty and integrity in order to preserve and enhance Aon's reputation in the business community;

(c)     recklessly exposing Aon to millions dollars of damages, including costs associated with class actions brought by shareholders of the Company for violations of federal securities laws and insider trading; and

(d)     failing to institute legal action against those officers, directors and employees, including former officers and directors of the Company, responsible for permitting Aon to engage in the conduct complained of herein.

## DEMAND ON THE BOARD OF DIRECTORS

20.     Plaintiff has not made a demand on Aon's Board of Directors to pursue the claims

6

asserted herein, because such demand is excused and would have been a futile act for the reasons set forth below:

  (a) Certain defendants personally profited from the wrongful activities alleged by selling Aon stock at artificially inflated prices;

  (b) All the defendant directors are accused of a breach of fiduciary duties for failing to put into place adequate internal controls and adequate means of supervision to prevent the wrongful conduct complained of herein;

  (c) A substantial likelihood exists that defendants did not exercise valid business judgment because the wrongful actions and/or inactions by defendants alleged herein constitute breaches of the defendants' fiduciary duties of good faith, disclosure, and loyalty to Aon and its stockholders, and an abdication of the directors' responsibilities giving rise to liability to Aon,

  (d) Certain of the Individual Defendants are defendants in the federal securities class action suits described above, and face a substantial likelihood of liability given the misstatements of Aon's earnings and the trading in Aon stock during the stated class period in those actions. Accordingly, Aon's directors have disabling conflicts and could not be relied upon to reach a truly independent decision as to whether to commence action against themselves arising out of the same misconduct.

## SUBSTANTIVE ALLEGATIONS

  21. Throughout the period beginning at least as early as May 4, 1999 and continuing through August 6, 2002 (the "relevant period"), the Company artificially inflated its revenue and margins in order to create the perception that the Company's deferred revenue growth was derived organically.

7

22.     Throughout the Class Period, defendants issued numerous statements and filed quarterly and annual reports with the SEC which described the Company's earnings and financial performance.

23.     These statements were materially false and misleading because they failed to disclose and/or misrepresented the following adverse facts, among others: (i) that the Company had materially overstated its net income by $27 million in 1999, by $24 million in 2000 and by $5 million in the first quarter of 2002; (ii) that the Company lacked adequate internal controls and was therefore unable to ascertain the true financial condition of the Company; and (iii) that as a result, the value of the Company's net income and financial results were materially overstated at all relevant times.

24.     On August 7, 2002, before the market opened for trading, Aon shocked the market when it announced, among other things, that: (a) it had failed to meet analysts' expectations on its earnings for the second quarter by a wide margin; (b) because of the slumping financial markets, it had canceled a spinoff of its insurance underwriting businesses to shareholders; and (c) the SEC had began an investigation of its accounting and was questioning several items in the Company's accounts, including the reporting of investment write-downs, the timing of some costs and a reinsurance recoverable item and the decision not to consolidate certain special purpose vehicles. Aon also stated that, if the SEC says it is necessary, it will have to restate its earnings for the past three years, and reduce its net income by $27 million in 1999, by $24 million in 2000 and by $5 million in the first quarter of 2002.

25.     Following this report, shares of Aon fell $6.43 per share to close at $14.77 per share, a one-day decline of 30.3%, on volume of more than 20 million shares traded, or more than

8

twenty times the average daily volume.

## COUNT 1

### DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY

26.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

27.     The individual defendants breached their fiduciary duties to the Company and to its shareholders by failing in their responsibility to maintain adequate accounting controls and by employing improper accounting and audit practices and procedures, which artificially inflated the value of the Company's common stock.

28.     The individual defendants owe and owed a fiduciary duty to Aon to supervise the issuance of its press releases and public filings to ensure that they were truthful and accurate and that they conformed with federal and state law. The individual defendants breached their fiduciary duty by failing to properly supervise and monitor Aon's accounting practices and the adequacy of its internal financial controls and audits and by allowing misleading statements and filings to be issued and made.

29.     Defendants have engaged in a sustained and systematic failure to exercise their oversight responsibilities to ensure that Aon complied with Federal and State Laws, rules and regulations and to ensure the integrity of its financial reporting.

30.     As a result of defendants' breaches, Aon is the subject of securities fraud class action lawsuits by allegedly defrauded investors and an SEC investigation, has lost market share, has had its reputation in the business community tarnished and has thus been damaged.

9

## COUNT II

### MISAPPROPRIATION OF CONFIDENTIAL
### INFORMATION FOR PERSONAL PROFIT

31.     Plaintiff repeats and realleges each and every allegation set forth above.

32.     Certain defendants (the "Insider Trading Defendants"), at all relevant times, occupied fiduciary positions with Aon and were privy to confidential material inside information concerning Aon and its operations.

33.     Despite their duty to Aon to refrain from trading in Aon common stock on the basis of confidential material inside information, these defendants and other members of management misappropriated such information and used it for their own personal profits by selling Aon shares into a unsuspecting market at prices far exceeding the price level of Aon shares following the public revelation of the above-mentioned wrongs.

34.     By reason of their breach of their fiduciary duty to Aon not to trade on confidential material inside information or permit other fiduciaries to do so, the Insider Trading Defendants should account and are liable to Aon for any and all profits unlawfully derived from such trades.

## COUNT III

### CONTRIBUTION AND INDEMNIFICATION

35.     Plaintiff repeats and realleges each and every allegation set forth above.

36.     Aon is alleged to be liable to various persons, entities and/or classes by virtue of the same facts or circumstances as are alleged herein to give rise to defendants' liability to Aon.

37.     Aon's alleged liability on account of the wrongful acts and practices and related misconduct described above arises, in whole or in part, from the knowing, reckless, disloyal and/or

10

bad faith acts or omissions of defendants as alleged above, and Aon is entitled to contribution and indemnification from each of the defendants in connection with all such claims that have been, are or may in the future be asserted against Aon by virtue of defendants' misconduct.

38.     Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff demands judgment as follows:

A.      Directing defendants to account to the Company for all damages sustained or to be sustained by the Company by reason of the wrongs alleged herein;

B.      Requiring defendants to return to Aon all salaries and the value of other remuneration of whatever kind paid to them by the Company during the time they were in breach of the fiduciary duties they owed to Aon.

C.      Directing defendants to pay interest at the highest rate allowable by law on the amount of damages sustained by the Company as a result of defendants' culpable conduct;

D.      Awarding plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees and expenses; and

E.      Granting such other and further relief as the Court may deem just and proper.

Beeler Schad & Diamond PC

By:_____

Lawrence W. Schad
Beeler, Schad & Diamond, P.C.
Suite 1000
332 S. Michigan Ave
Chicago, Ill 60604
Telephone: 312-939-6280

11

BULL & LIFSHITZ, LLP
18 East 41st Street
New York, New York 10017
Telephone: (212) 213-6222

Attorneys for Plaintiff

## VERIFICATION

STATE OF NEW YORK   )
                        ) s.s.:

COUNTY OF BRONX    )


      BERNARD STERN, being duly sworn, deposes and says:

      I am a Plaintiff in the above-entitled action, have read the foregoing Verified

Stockholder Derivative Complaint and know the contents thereof, and the same is

true to my own knowledge, except as to the matters therein stated to be alleged upon

information and belief, and as to those matters I believe them to be true.

                                                    **BERNARD STERN**

Sworn to before me this
25 day of _November_ 2003
                  11/25/03

Notary Public

IRENE MOORE
Notary Public, State of New York
No. 01MO5086884
Qualified in Bronx County
Commission Expires December 01, 2005

JUDGE LINDBERG

MAGISTRATE JUDGE ASHMAN

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

## Civil Cover Sheet    03C 9079

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): Bernard Stern,**

County of Residence: Bronx

Plaintiff's Atty:    Lawrence W. Schad
Beeler, Schad & Diamond
332 S. Michigan Avenue, Suite
1000, Chicago, IL 60604
312-939-6280

**Defendant(s):Patrick G. Ryan, et al.**

County of Residence:

Defendant's Atty:

Ethan York
Winston & Strawn
35 West Wacker Drive,
Chicago, IL 60601

DOCKETED
DEC 17 2003

II. Basis of Jurisdiction:    **4. Diversity (complete item III)**

III. Citizenship of Principal
Parties **(Diversity Cases Only)**
Plaintiff:-**2 Citizen of Another State**
Defendant:-**5 Non IL corp and Principal place of Business outside IL**

IV. Origin :    **1. Original Proceeding**

V. Nature of Suit:    **160 Stockholder Suits**

VI.Cause of Action:    **Breach of Fiduciary Duty, misappropriation of confidential information, contribution and indemnification**

VII. Requested in Complaint
Class Action:**No**
Dollar Demand:**Equitable relief, attorneys' fees and other costs**
Jury Demand:**No**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature:

Date:    12 -       - 03

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**    Revised: 06/28/00

1-2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

JUDGE LINDBERG

DOCKETED
DEC 17 200

### EASTERN DIVISION

In the Matter of

Bernard Stern v. Patrick G. Ryan, et al. and AON
Corporation

**03C**   **9079**

Case Number:

MAGISTRATE JUDGE ASHMAN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Bernard Stern

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Lawrence W. Schad | NAME Steven J. Tomiello |
| FIRM Beeler, Schad & Diamond | FIRM Same as (A) |
| STREET ADDRESS 332 South Michigan Ave, Suite 1000 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60604 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 312-939-6280  FAX NUMBER 312-939-4661 | TELEPHONE NUMBER 312-939-6280  FAX NUMBER 312-939-4661 |
| E MAIL ADDRESS lschad@bsdlaw.com | E MAIL ADDRESS stomiello@bsdlaw.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 02468751 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6216954 |
| MEMBER OF TRIAL BAR?  YES ☑  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☑  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Tony Kim | NAME Joshua M. Lifshitz (Pro Hac Vice) |
| FIRM Same as (A) | FIRM Bull & Lifshitz, LLP |
| STREET ADDRESS | STREET ADDRESS 18 East 41st Street, Suite 1105 |
| CITY/STATE/ZIP | CITY/STATE/ZIP New York, NY 10017 |
| TELEPHONE NUMBER 312-939-6280  FAX NUMBER 312-939-4661 | TELEPHONE NUMBER 212-213-6222  FAX NUMBER |
| E MAIL ADDRESS tkim@bsdlaw.com | E MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6279202 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

1-3